```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                              :
COREY MOORE,                  :
                              :
          Petitioner,         :    Civ. No. 19-19107 (NLH)
                              :
     v.                       :    MEMORANDUM AND ORDER
                              :
UNITED STATES OF AMERICA,     :
                              :
          Respondent.         :
_____:
```

IT APPEARING THAT:

1. Petitioner is an inmate currently confined at the Federal Correctional Institution at McKean in Bradford, Pennsylvania and has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Motion"). ECF No. 1.

2. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. § 2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not utilize the Court's required form for petitions brought pursuant to 28 U.S.C. § 2255, i.e., AO243 (modified): DNJHabeas-004 (Rev. 01-2014).

3. In addition, Petitioner has failed to include the certification on page 15 of the District's form, which requires Petitioner to acknowledge that he must include all grounds for relief from the conviction or sentence in the Motion and if he

fails to set forth all the grounds, he may be barred from presenting additional grounds at a later date. This language and certification are required by United States v. Miller, 197 F.3d 644 (3d Cir. 1999).

    4. Petitioner must either file an amended motion that includes the signed certification on page 15 of the § 2255 form or supplement the Motion by signing and filing the certification provided on page 15 of the § 2255 form.

    IT IS THEREFORE on this   21st   day of October, 2019,

    ORDERED this matter shall be ADMINISTRATIVELY TERMINATED[1]; and it is further

    ORDERED that the Clerk of the Court shall forward Petitioner a blank § 2255 form— AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014); and it is further

---

[1] Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs ….").

ORDERED that the Clerk's service of the blank § 2255 form shall not be construed as this Court's finding that the motion is or is not timely; and it is further

ORDERED that, if Petitioner wishes to re-open this action, he shall so notify the Court within 30 days of the date of entry of this Order, in writing addressed to Clerk of the Court, at Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101; Petitioner's writing shall include either an amended motion which includes a completed page 15 certifying that the amended motion must include all claims or a completed page 15 (or equivalent) certifying that the Motion must include all claims; after receipt of any such notification from Petitioner, the Clerk of Court shall REOPEN this matter; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |