IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

**COREY MOORE**

v.

**UNITED STATES OF AMERICA**

Case No. 1:18-cr-00199-NLH-1

RECEIVED
MAY 18 2020
AT 8:30_____M
WILLIAM T. WALSH CLERK

RECEIVED
MAY 18 2020
AT 8:30_____M
WILLIAM T. WALSH CLERK

SUPPLEMENT MOTION FOR PURPOSES OF "REHAIF V. UNITED STATES" AND
APPOINTMENT OF COUNSEL

And now comes defendant Corey Moore prose litigator respectfully asking this asking this District Court to allow defendant to amend the current 2255 Motion to Vacate, Set Aside or Correct Sentence currently before the court to include the argument of "Rehaif v. United States" challenging the legality of his conviction for '922(g)'. Defendant is also requesting Appointment of Counsel' for the limited purposes of challenging his '922(g)' conviction in light of the Supreme Court ruling in "Rehaif v. United States".

This Circuit has made it clear in "United States v. Warren"(3rd.Cir. 2019) that appointment of counsel is necessary when presenting this argument as many defendants will endure complexity and litigation would be much more (ably) presented by experienced counsel. Defendant notes that he is inexperienced at litigating law and that he is asking this court to interpret this letter as a Motion to Supplement for purposes of attacking his conviction under '922(g)' in light of the recent opinion in "Rehaif v. United States"; The interest of justice requires the appointment of counsel as to grounds for relief premised on 'Rehaif' as there may be potential complex issues of wavier, procedural default and retroactive application, all of which would be much more (ably) experienced counsel. Rule 15 provides that the court should freely give leave to amend when justice so requires. Fed.R.Civ.P 15(A)(2).

Defendant was convicted of the same statutory provision that 'Rehaif' was convicted of thus making this claim worthy of addressing. This Motion to include 'Appointment of Counsel' premised upon the ruling in Rehaif is timely filed as defendant original 2255 Motion is still before the court. See United States v. Warren (3rd Cir, 2019), Reese v. Fulcomer (3rd. Cir 1991), Obado v. United States Fed.Govt (3rd Cir. 2018), Tabon v. Grace (3rd Cir. 1993). The Third Circuit also instructed District Courts to consider factors that included factual and legal complexity of case. In related context the Third Circuit also instructed District Courts to consider the restraints placed upon Petitioner by his confinement see: Tabon v. Grace (3rd Cir. 1993). While addressing 'Rehaif' claim by defendant it cannot be overlooked that the defendant's conviction under '922(g)' is now in question due to the ruling in 'Rehaif v. United States' based upon the statutory interpretation of the 922(g) statute. The defendant was convicted under 922(g) for violating the elements required for sustaining such a conviction and the Third Circuit has concluded that 'Rehaif' has meaningfully changed the Third Circuit law with respect to the required elements of a conviction under 922(g).

At this time the defendant respectfully ask that this Motion to Supplement be granted and the Appointment of Counsel be issued in light of the ruling in 'Rehaif v. United States'. Enclosing, In the interest of justice may this presiding Court of authority honor this Motion.

Respectfully submitted,

Corey Moore #70988-050
FCI Mckean
P.O. Box 8000
Bradford, Pa 16701

COREY MOORE 70988050
F.C.I MCKEAN
P.O BOX 8000
BRADFORD P.A. 16701

RECEIVED MAY 18 2020 AT 8:30 M WILLIAM T. WALSH CLERK

RECEIVED MAY 11 2020 AT 8:30 M WILLIAM T. WALSH CLERK

RECEIVED MAY 11 2020 AT 8:30 M WILLIAM T. WALSH CLERK

CLERK OF the COURT
1ST floor NOEL HILLMAN
401 MARKET St.
CAMDEN NJ 08101

RECEIVED MAY 11 2020 AT 8:30