UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

COREY MOORE,

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

1:19-cv-19107 (NLH)

**MEMORANDUM OPINION & ORDER**

---

**APPEARANCES**:

Corey Moore
70988-050
McKean
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 8000
Bradford, PA 16701

    Petitioner pro se

**HILLMAN, District Judge**

    WHEREAS, Petitioner Corey Moore filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255, see ECF No. 1; and

    WHEREAS, the Court administratively terminated the motion as Petitioner did not use the correct form containing the required certification, ECF No. 3; and

    WHEREAS, Petitioner having submitted an amended motion, ECF No. 4, followed by a motion to amend and for the appointment of

counsel, see ECF No. 5; and

WHEREAS, Petitioner seeks to add a claim under Rehaif v. United States, which held that the United States must prove the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" in order to convict under 18 U.S.C. § 922(g)(1).  139 S. Ct. 2191, 2200 (2019).  "Defendant was convicted of the same statutory provision that 'Rehaif' was convicted of thus making this claim worthy of addressing."  ECF No. 5 at 2; and

WHEREAS, there is no right to counsel in post-conviction proceedings.  See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254.  However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . . ."; and

WHEREAS, in Reese, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims."  Reese, 946 F.2d at 263-64; and

WHEREAS, the Court will permit Petitioner to add his claim

under Rehaif, but will deny the motion for counsel without prejudice. The Court finds it is not in the interests of justice to appoint counsel at this time because the issues involved in this case do not appear overly complex,

THEREFORE, IT IS on this 18th day of May, 2020

ORDERED that the Clerk shall reopen this matter; and

ORDERED that Petitioner's motion to amend and for the appointment of counsel, ECF No. 5, is granted in part. The United States shall answer the Rehaif claim, but counsel shall not be appointed at this time; and it is further

ORDERED that within forty-five (45) days of the date of the entry of this Order, the United States shall electronically file and serve an answer to the amended § 2255 Motion, ECF Nos. 4 & 5; and it is further

ORDERED that the answer shall respond to the allegations and grounds of the Motion and shall adhere to Rule 5 of the Rules Governing Section 2255 Proceedings; and it is further

ORDERED that the answer shall address the merits of each claim raised in the Motion as well as whether the Motion is timely; and it is further

ORDERED that the answer shall contain an index of exhibits; and it is further

ORDERED that if the answer refers to briefs or transcripts, orders, and other documents from prior proceedings, then the

3

United States shall serve and file them with the answer; and it is further

ORDERED that Petitioner may serve and file a reply to the answer within forty-five (45) days after the answer is filed; and it is further

ORDERED that any request to deviate from this Order to Answer shall be made by motion; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular first-class mail.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |