**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

COREY MOORE,

Petitioner,

v.

THE UNITED STATES OF AMERICA,

Respondent.

Civ. No. 19-19107 (NLH)

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

Corey Moore
70988-050
McKean
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 8000
Bradford, PA 16701

Petitioner Pro Se

Craig Carpenito, United States Attorney
Diana V. Carrig, Assistant United States Attorney
Office of the US Attorney
US Post Office Building
401 Market Street
4th Floor
Camden, NJ 08101

Attorneys for Respondent

**HILLMAN, District Judge**

WHEREAS, Petitioner Corey Moore filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255, see ECF No. 1; and

WHEREAS, Petitioner having alleged ineffective assistance

of counsel on the part of his counsel in his underlying criminal case; and

WHEREAS, the United States having reviewed Petitioner's allegations and determined as a result of that review that it is necessary to confer with Petitioner's previous counsel in order to properly respond to the allegations raised, see ECF No. 9; and

WHEREAS, the United States seeks sufficient additional time to confer with defense counsel, to allow defense counsel to review and execute any affidavits that must be submitted in response to the Motion, and for the United States to prepare a response to Petitioner's claims, id.; and

WHEREAS, "a party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation. For example, a client may waive the privilege as to certain communications with a lawyer by filing a malpractice action against the lawyer." Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994); and

WHEREAS, other courts have applied this standard to ineffective assistance of counsel claims, holding that petitioners waived the attorney-client privilege as to the specific claims being raised in their petitions. See United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) ("[W]hen a

habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim.”); In re Lott, 424 F.3d 446, 453 (6th Cir. 2005) (“The implied waiver in habeas proceedings [is] the result of a petitioner's assertion of his own counsel's ineffectiveness.”); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) (“It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.”); Johnson v. Alabama, 256 F.3d 1156, 1178 (11th Cir. 2001) (“By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, Johnson put at issue-and thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices.”); and

WHEREAS, the Court finds that by alleging in the Motion that the Petitioner received ineffective assistance of counsel, the Petitioner knowingly and voluntarily waived the attorney-client privilege with regard to each claim of ineffective assistance of counsel,

THEREFORE, IT IS on this 16th day of July, 2020

ORDERED that the Government may interview and confer with Petitioner's previous defense attorney regarding the claims of ineffective assistance of counsel raised in the Motion; and it is further

ORDERED that previous defense counsel shall review her file and provide to the United States all relevant documentation concerning the claims of ineffective assistance of counsel raised in the Motion; and it is further

ORDERED previous defense counsel shall give testimony, including testimony concerning the claims of ineffective assistance of counsel raised in the Motion, if the Court orders a hearing on the Motion; and it is further

ORDERED that the Respondent shall file an answer to Petitioner's Motion by July 31, 2020; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

s/ Noel L. Hillman

At Camden, New Jersey

NOEL L. HILLMAN, U.S.D.J.