UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| COREY MOORE | : | HON. NOEL L. HILLMAN |
| | : | |
| v. | : | CIV. NO. 19-19107 (NLH) |
| | : | |
| UNITED STATES OF AMERICA | : | |

## ANSWER

The United States of America, through its attorney, Craig Carpenito,

United States Attorney for the District of New Jersey (Diana Vondra Carrig,

Assistant United States Attorney, appearing), hereby answers petitioner Corey

Moore's *pro se* motion to vacate, correct, or set aside his sentence under 28 U.S.C.

§ 2255.

## BACKGROUND

A three-time convicted felon with a history for violence, Moore unlawfully

possessed and trafficked in firearms, selling 15 firearms during 12 separate

transactions to a confidential informant ("CI") during the course of six month period.

Most of the firearms Moore sold were loaded, at least two were stolen, and one was a

semiautomatic capable of accepting a large capacity magazine. *See* PSR at ¶¶ 28, 33,

37, 41, 43, 45, 48, 51, 54, 61, 65, attached hereto as Exhibit A;[1] *see also* Complaint,

ECF 1, attached hereto as Exhibit B.

---

[1] The United States intends to file the PSR under seal, and seeks the permission of the Court to do so.  As the Court is aware, the PSR contains private and confidential information of the defendant, including for example, his health and mental health conditions and status and, as such, may not be

At the time Moore was selling and illegally possessing the firearms at issue in this case, he had already amassed a significant criminal record, *see* PSR at ¶¶ 92-97, including three felonies convictions in New Jersey state courts, for which he had received the following sentences:

| ARREST DATE | OFFENSE | SENTENCE | PSR |
|---|---|---|---|
| 03/02/10 | Unlawful possession of a weapon/handgun | 12/14/10 – 5 years' imprisonment | ¶ 94 |
| 03/02/10 | Resisting arrest | 12/14/10 – 3 years' imprisonment (concurrent to the sentence for unlawful possession of a weapon) | ¶ 95 |
| 07/24/10 | Forgery | 09/06/11– 4 years' imprisonment (consecutive to the sentences for unlawful possession of a weapon and resisting arrest sentence) | ¶ 96 |

*See also* New Jersey Department of Corrections' Records, attached hereto as Exhibit C (showing prior to his offense conduct in this case Moore was in custody for more than four years, from 12/14/10 through 7/14/15). Thus, by the time of his conduct in this case, Moore had already been sentenced to 3, 4 and 5 year terms, and had actually served more than four and a half years' imprisonment.

On August 2, 2017, the United States Attorney's Office for the District of New Jersey charged Moore by criminal complaint with twelve counts of felon-in-possession, one for each of the firearms sales to the CI. The 16-page Complaint

disclosed without the consent of the Court.

detailed each of the firearms transactions, including how Moore sucker punched the CI in the face after becoming enraged at the CI's refusal to front additional monies. *See* Complaint at ¶¶ 27-28 (Moore hit the CI and threatened him), attached as Exhibit B. Moore was arrested the next day and, after waiving his *Miranda* rights, Moore sat down and spoke with federal agents. During that post-arrest interview and in response to a question from one of the agents, Moore admitted during to knowing that he was precluded from possessing firearms because of his prior convictions. *See* ATF Report 48, attached hereto at Exhibit D ("S/A Daly asked MOORE if he is a convicted felon and if MOORE is prohibited from possessing firearm[s]. MOORE admitted that he cannot possess firearms, because he served time in prison.").

Thereafter, the United States provided a mountain of informal discovery materials to Moore, which included audio and video recordings of the sales, dozens of reports detailing Moore's illegal activities, the place of manufacture of each of the firearms, and Moore's prior criminal history. *See* Discovery letters, attached hereto as Exhibit E. In the face of this overwhelming evidence and in an attempt to reduce his potential exposure, Moore proffered with the Government on several occasions. During those proffers, Moore admitted to each of the allegations contained in the Complaint and detailed his participation in other firearms transactions and drug trafficking. On April 11, 2018, a federal grand jury indicted Moore in a 24-count indictment, which charged him with 12 counts of unlawful sale of firearms without a

3

license, in violation of 18 U.S.C. § 922(a)(1)(A), and 12 counts of felon-in-possession, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, attached hereto as Exhibit F.

Although Moore refused to complete his cooperation and rejected the Government's cooperating plea offer, he ultimately pleaded guilty to two counts of the 24-count indictment – one count of the unlawful sale of a firearm without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (Count 8) and one count of felon-in-possession, in violation of 18 U.S.C. § 922(g)(1) (Count 16).  In Moore's plea agreement, the United States agreed not to bring any further charges against Moore for his possession of fifteen firearms between July and December 2016, and it agreed to move to dismiss twenty-two counts of the Indictment at sentencing. *See* Plea Agreement, ECF 53 at 1-2, attached hereto as Exhibit G. Moore stipulated to the applicability of various Guidelines enhancements, including a 4-level upward adjustment based upon his trafficking of firearms, and the parties agreed that "the Total Guidelines offense level … is 27." *Id.* at 6, ¶ 4 (+4 for trafficking) & 7, ¶ 9. In return for the Government's many concessions regarding the dismissed charges, Moore "waive[d] certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." *Id.* at 4. Specifically, Moore stipulated and agreed that he:

knows that he has and . . . voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the agreed total Guidelines offense level of 27.

*Id.* at 7, ¶ 11. The United States reciprocally agreed not to appeal the sentence if it fell within or above the range that results from the agreed total Guidelines offense level. *Id.* And both parties reserved the right to move to "dismiss any appeal, collateral attack, writ, or motion barred" by the plea agreement. *Id.* at 7, ¶ 12. The only issue preserved for appeal and collateral attach were the District Court's determination of Moore's criminal history category and potential of ineffective assistance of counsel. *Id.* at 7, ¶ 11 (criminal history category) & 4 (ineffective assistance).

Moore attested that he had received the plea agreement from his attorney, that he read it, and that he understood it fully. *Id.* at 5. He further attested that "I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties." *Id.* And in his Application for Permission to Enter Plea of Guilty filed at the time of his change of plea hearing, Moore acknowledged that: "[t]he stipulations in Schedule A [of his plea agreement] apply," and that "my plea agreement provides that under certain circumstances I have waived my right to appeal or collaterally attack the sentence imposed in this case." *See* Rule 11 Form at 5, ¶ 38 & 6, ¶ 40, attached hereto as Exhibit H.

5

At Moore's guilty plea hearing on September 17, 2018, the Court conducted a fulsome colloquy, during which Moore confirmed his understanding and acceptance of all of the stipulations contained in his plea agreement, including the 4-level enhancement for trafficking and the appellate/collateral attack waiver. *See* Plea Hearing Transcript at 27 (+4 for trafficking) & 35-39 (appellate waiver), attached hereto as Exhibit I. At no time during his plea hearing did Moore ever dispute the applicability of the 4-level upward adjustment for trafficking in firearms, claim that it should not apply to him or suggest that he had a different understanding as to its applicability. *See id.* Nor did Moore suggest at any time – including in his current petition – that he was unaware he was not allowed to possess a firearm, or that he lacked knowledge that he previously had been convicted of a crime punishable by more than one year in prison. *Id*.

Prior to Moore's sentencing, the Probation Office prepared a PSR that calculated a final offense level of 27. PSR at 19, ¶ 90. At sentencing, the District Court found that Moore's final offense level was 27. *See* Statement of Reasons for Sentence, attached hereto as Exhibit J. The Guidelines Range that resulted from that offense level, using Moore's criminal history category of IV, was 100 to 125 months' imprisonment. *Id.*; *see* U.S.S.G. Ch. 5, Pt. A (Sentencing Table); *see also* PSR ¶ 126.

On March 8, 2019, Moore appeared before the Court and was sentenced to

concurrent prison terms of 96 months on the Count 16 felon-in possession offense

and 60 months on the Count 8 unlawful sale of firearms without a license offense.[2]

*See* Judgment of Conviction, ECF 56, attached hereto as Exhibit K. That 96-month

sentence fell "below the Guidelines range that results from the agreed total

Guidelines offense level of 27." Plea agreement at 7, ¶ 11.

Approximately six months after his sentencing, Moore filed a *pro se* notice of

appeal, claiming that his attorney failed to file a notice of appeal, and also claiming

that the United States failed to satisfy the knowledge requirement *Rehaif v. United*

*States*, 139 S. Ct. 2191 (2019). *See* ECF 58, attached hereto as Exhibit L.  On

November 19, 2019, the United States filed a motion to dismiss the appeal based

upon Moore's untimely notice of appeal and, in the alternative, to enforce the

appellate waiver in Moore's plea agreement. App. No. 19-3101, attached hereto as

Exhibit M (without attachments).  On April 14, 2020, the United States Court of

Appeals for the Third Circuit granted the Government's motion and dismissed

Moore's appeal as untimely. *See* Third Circuit Dismissal Order, App. No. 19-3101,

attached hereto as Exhibit N.

While his appeal was pending, Moore filed the present motion on October 18,

2019 seeking § 2255 relief alleging ineffective assistance of counsel and, after the

---

2 The United States does not have the transcript from Moore's sentencing hearing, but will order it
if deemed necessary by the Court.

Court dismissed his motion because it had not been filed on the District of New Jersey's § 2255 form, refiled it on November 18, 2019 and supplemented it on May 18, 2020. *See* ECF 1, 4 & 5. Moore alleges four claims:

(1) Ground 1 - His attorney Anne C. Singer, Esquire, failed to advise him about "the advantages and disadvantages of filing an appeal." *See* ECF 4.

(2) Ground 2 – His attorney failed to file an appeal after Moore had specifically instructed her to do so. *See* ECF 4.

(3) Ground 3 – His attorney erroneously told him that he would not face an enhancement for trafficking in firearms if he pleaded guilty. *See* ECF 4.

(4) Ground 4 – He is entitled to relief pursuant to *Rehaif.  See* ECF 5.

In response to Moore's petition, the United States sought and obtained an Order from the Court acknowledging a partial waiver of the attorney-client privilege with respect to Moore's allegations of ineffective assistance. Pursuant to the Court's Order, the United States obtained a certification from Ms. Singer and documents from her file, which show that Ms. Singer met with Moore on March 13, 2019, at which time Moore explicitly stated that he did not wish to file an appeal. *See* Certification of Anne C. Singer, and attached notes, follow up letter and CJA bill, collectively attached hereto as Exhibit O. These documents refute Moore's claims of ineffectiveness. As explained herein, all four of Moore's claims are devoid of merit

and should be denied; Grounds 1 and 2 will, however, require an evidentiary hearing first.

## **LEGAL STANDARDS**

Section 2255 permits a court to vacate, correct, or set aside a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the minimum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

To succeed on an ineffective assistance of counsel claim, a defendant must meet the "rigorous standard" of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires him to show both: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that, but for the error, the outcome would likely have been different. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Strickland*, 466 U.S. at 696.

The Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). In order to show "prejudice" after a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v.*

*Lockhart*, 474 U.S. 52, 59 (1985). When considering allegations that counsel has failed to file a notice of appeal, the Supreme Court has long held that "[a] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*,[3] 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). This is true, even if the defendant's plea agreement contained an appellate waiver. *Garza v.* Idaho, 139 S. Ct. 738 (2019). On the other hand, however, the Supreme Court has held that "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Flores-Ortega*, 528 U.S. at 477 (citing *Jones v. Barnes*, 463 U.S. 745 (1983) (accused has ultimate authority to make fundamental decision whether to take an appeal).

In addition, a defendant can be found to have procedurally defaulted on a claim by failing to raise it before the trial court or on direct appeal. The "general rule" is that claims not raised at trial (or here, a plea hearing), or on direct appeal "may not be raised on collateral review." *Massaro* v. *United States*, 538 U.S. 500, 504 (2003). "Where a [petitioner] has procedurally defaulted a claim by failing to raise it on

---

3 In *Roe v. Flores-Ortega*, 528 U.S. 470, 474 (2000), counsel failed to file a notice of appeal. Consistent with *Hill*, because "counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself," the Court imposed a presumption of prejudice. *Id.* at 483. "[W]e cannot accord any presumption of reliability . . . to judicial proceedings that never took place." *Id.* (internal quotation marks omitted). To perfect a showing of prejudice in this context, a defendant must demonstrate a reasonable probability that, had counsel not performed deficiently, he would have timely appealed. *See id.* at 484, 486.

direct review, the claim may be raised in habeas only if the [petitioner] can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622; *see also id.* at 621 ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Hardwick v. United States*, Civ. No. 12-7158 (RBK), 2012 WL 6204161, at *2 (D.N.J. Dec. 12, 2012) (Kugler, J.). "To show cause, the petitioner 'must establish that 'some external impediment' prevented him from raising the claim.'" *Hardwick*, 2012 WL 6204161, at *2 (quoting *Wise v. Fulcomer*, 958 F.2d 30, 34 n. 9 (3d Cir. 1992)). "Prejudice exists where errors at trial . . . worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." *Id.* (citations and internal quotation marks omitted).

## ARGUMENT

### Grounds 1 & 2 –Moore Told His Attorney Not to File a Notice of Appeal

In his first two grounds for relief, Moore claims that his attorney did not consult with him about the advantages and disadvantages of filing an appeal, and also that – when he instructed her to file a notice of appeal – she failed to do so. Moore makes these bare bones accusations without any factual support, including his own sworn declaration, and without any thought as to the potential consequences. As a

11

result of his baseless allegations, the Government has had to spend time consulting with defense counsel and briefing an issue which is utterly fabricated, and–if not withdrawn—will also waste this Court's time with a needless evidentiary hearing.

As stated in Ms. Singer's certification, and supported by the attachments thereto, Ms. Singer met with Moore on March 13, 2019 at the FDC, answered all of his questions, discussed his right to appeal and, at that time, Moore explicitly told Ms. Singer that he did not want to file an appeal. *See* Certification at ¶ 8 (Exhibit O hereto) ("After answering all of Mr. Moore's questions, he told me that he was satisfied with the result of his case and that he did not want to file an appeal."). Ms. Singer's notes from that afternoon support her recollection as summarized in her Certification, as does her letter to Moore the following day, and her bill for the 1.2 hours of time that she spent with Moore "at FDC Philadelphia regarding his questions about Judgment, sentencing and appeal, etc." Notably, this is the first time that Ms. Singer has been accused of ineffective assistance of counsel after more 30 years of federal criminal defense work. To the extent that Moore persists in these accusations, the Court will be required to hold an evidentiary hearing at which Mr. Moore and Ms. Singer will testify under penalty of perjury.[4] At such a hearing, the Court will be

---

4 Perjury—willfully and knowingly giving false testimony under Oath—is a separate federal crime pursuant to 18 U.S.C. § 1621, and carries a separate term of imprisonment of up to five years.

12

required to make a credibility determination which, depending upon the testimony, may involve a finding that Mr. Moore has given false testimony.

### Ground 3 – Upward Adjustment for Trafficking in Firearms

Moore also alleges that Ms. Singer erroneously told him that he would not receive a four-level upward adjustment for trafficking in firearms if he pleaded guilty. Once again, Moore had made this claim without providing any support, including a sworn affidavit or certification. His allegation is, however, directly refuted by his plea agreement and his testimony at his guilty plea hearing:

(1) Moore's plea agreement contained an explicit stipulation to the four level upward adjustment for trafficking in firearms: "Specific Offense Characteristic (b)(5) applies because the defendant engaged in the trafficking of firearms. This Specific Offense Characteristic results in an increase of 4 levels."

(2) Moore testified at his guilty plea hearing that he and his attorney had reviewed his plea agreement, Tr. at 5, that no one had made any promises or representations other than were contained in his plea agreement, Tr. at 16-17, and that he had stipulated to the four level upward adjustment for trafficking in firearms, Tr. at 27.

*See* Exhibits G & I. Having been explicitly questioned by the Court on this stipulation, and admitting that there were no other promises other than as contained in

13

his plea agreement, Moore cannot now claim that his attorney promised him the opposite. Accordingly, the Court can, and should, deny Ground 3 without the need of an evidentiary hearing.

### Ground 4 – Moore is Not Entitled to Relief Pursuant to *Rehaif*

Moore asserts that in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he pleaded guilty having been misinformed of the elements of the felon-in-possession offense, that he did not have the requisite knowledge that made his possession of the firearm unlawful (*i.e.*, that he had been previously convicted of an offense punishable by more than one year in prison) and that his sentence and conviction accordingly must be vacated.  His claim is procedurally defaulted and should be denied.

Approximately nine months after Moore's knowing and voluntary guilty plea in this case (and three months after his sentencing), the Supreme Court in *Rehaif* interpreted 18 U.S.C. § 922(g) to require the government to prove that the defendant knew he was in the class of persons prohibited from possessing a firearm.  So, after *Rehaif*, the government now must prove in felon-in-possession prosecutions that at the time he possessed a firearm, the defendant knew that he previously had been convicted of an offense punishable by more than one year in prison.  Because Moore was neither advised at his plea hearing of that element nor required to allocute to

14

facts satisfying it, he claims that his guilty plea was invalid and his conviction must be vacated.[5]

At no time while his case was pending before this Court did Moore argue that the felon-in-possession statute required the government to prove that he knew that he had been convicted of an offense punishable by more than one year in prison. Nor did he take up a direct appeal asserting that claim.[6] Thus, Moore's *Rehaif* claim is procedurally defaulted and the Court may not reach the merits of his present collateral challenge unless he establishes "cause and prejudice" or "actual innocence" excusing his default. Moore could have asserted the issue decided in *Rehaif* before this Court or on appeal, and thus he cannot establish sufficient "cause" for defaulting his *Rehaif* claim. Moreover, in light of Moore's lengthy criminal history, which includes three prior felonies for which he was sentenced to 3, 4 and 5 year terms of imprisonment and for which he actually served more than four and a half years (greatly exceeding more than one year of imprisonment), he cannot establish

---

[5] Before *Rehaif*, the federal courts of appeals to have addressed the question were unanimous that § 922(g) did *not* require the government to prove the defendant's knowledge of his prohibited status. *See, e.g., Rehaif*, 139 S. Ct. at 2201 & n.6 (Alito, J., dissenting) (listing cases). Accordingly, Moore properly was advised of, and allocuted to, all of the elements of the § 922(g)(1) charge under the law as it existed at that time.

[6] As described above, Moore filed an untimely notice of appeal, which raised the *Rehaif* issue. If Moore should succeed on his claims in Grounds 1 and 2, he will most likely be permitted to proceed with a direct appeal which will render this issue moot.

15

prejudice or actual innocence. Accordingly, Moore's claim is procedurally defaulted and, because he cannot show cause, prejudice, or actual innocence, it must be denied.

*Cause*. Moore has no legally sufficient basis to excuse his failure to raise the knowledge issue decided in *Rehaif* before this Court or on appeal. Indeed, several district courts already have found *Rehaif* claims raised in § 2255 proceedings defaulted for this very reason. *See, e.g.*, *United States v. Bryant*, Crim. No. 11-765 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("Any claim that *Rehaif* somehow exposes a defect in the acceptance of Bryant's plea, for example, would be barred because Bryant did not raise it at the time of his plea and did not appeal his conviction."); *Fleury v. United States*, 2019 WL 6124486, at *3 (S.D.N.Y. Nov. 19, 2019) (Section 2255 petitioner "has procedurally defaulted his challenge premised on *Rehaif*" because he did not raise the issue at trial or on appeal, "does not explain what cause prevented him from raising" the issue, and "ha[s] not demonstrated either prejudice or actual innocence to excuse his procedural default"); *United States v. Wilson*, 2019 WL 6606340, at *6 (W.D. Mich. Dec. 5, 2019) (holding that Section 2255 petitioner's *Rehaif*-based challenge to his plea to § 922(g) charge, on the ground that he did not know he was a felon, is procedurally defaulted because he did not raise it on appeal, and did not establish cause and prejudice or actual innocence).

Moore will likely argue that he has satisfied the "cause" prong because pre-*Rehaif* precedent in the Third Circuit (and nearly every other circuit) precluded the

16

argument. Such an argument does not excuse Moore' default and establish legal

cause. Legal "futility cannot constitute cause if it means simply that a claim was

unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at

623. As the district court in the Eastern District of New York correctly explained in

finding a petitioner's *Rehaif* claim procedurally defaulted, "[t]he issue decided in

*Rehaif* was percolating in the courts for years, including at the time [the petitioner]

entered his plea." *Bryant*, 2020 WL 353424, at *3; *see also United States v. Murphy*,

2020 WL 1891791 at *2 (M.D. Pa. Apr. 16, 2020) ("Murphy cannot show cause

because the issue decided in *Rehaif* was not so novel that its legal basis was not

reasonably available to Murphy in the first instance" at the time of his 2013 guilty

plea, and citing *Bryant*, and other cases from as early as the 1990's in which the

*Rehaif* issue had been raised). Accordingly, Moore was able to present the claim to

this Court if he wished, even if existing precedent would have required this Court to

reject the argument. Moore cannot establish legally sufficient cause for failing to

raise the issue on direct review.[7]

---

[7] Moore does not claim that his attorney was ineffective for failing to raise the argument in this Court. *Cf. Strickland v. Washington*, 466 U.S. 668 (1984). Although procedural default rules do not apply to claims of constitutionally ineffective assistance of counsel, *see Massaro* v. *United States*, 538 U.S. 500, 504, 509 (2003), "counsel [is] not required to make meritless objections under then-existing precedent, anticipate changes in the law, or raise every potentially meritorious claim." *United States v. Garza*, 340 F. App'x 243, 244-245 (5th Cir. 2009) (per curiam); *see also United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015) ("[F]ailing to predict a change in the law is not deficient performance."); *Parrish v. Fulcomer*, 150 F.3d 326, 328-29 (3d Cir. 1998) (noting that counsel's assistance "does not become ineffective by failing to raise an issue when convincing Supreme Court case law shows it to be without merit"); *Parker v. Bowersox*, 188 F.3d 923, 929

*Prejudice*. Moore also cannot show actual prejudice. As outlined above, before his arrest in this case, Moore had been convicted of three felony offenses, and had received sentences of more than one year in prison:  5 years for unlawful possession of a weapon/handgun, PSR at ¶ 94; 3 years for resisting arrest, PSR at ¶ 95, and 4 years for forgery, PSR at ¶ 96. Thus, Moore hardly is in a position to argue that, at the time he possessed the firearms in this case, he did not know that he had been convicted of an offense punishable by more than one year in prison. Indeed, Moore admitted as much to the case agents in his post arrest interview: "S/A Daly asked MOORE if he is a convicted felon and if MOORE is prohibited from possessing firearm[s]. MOORE admitted that he cannot possess firearms, because he served time in prison." *See* ATF Report 48, attached hereto as Exhibit D. There is absolutely no basis to suggest that the Court's and parties' failure to predict the decision in *Rehaif* "worked to [Moore's] actual and substantial disadvantage," or that it "infected" his case "with errors of constitutional dimensions." *Hardwick*, *supra*, 2012 WL 6204161, at *2. Again, the government refers the Court to the decision in *Bryant*, in which the court explained why the petitioner there failed to establish prejudice on his defaulted *Rehaif* claim: "Bryant could not establish prejudice because there is sufficient

---

(8th Cir. 1999) (not ineffective assistance of counsel to "fail[ ] to anticipate a change in the law"). Accordingly, to the extent the Court construes Moore's § 2255 motion to claim that counsel was constitutionally ineffective by failing to raise the knowledge-of-status issue—or if Moore raises that argument in his reply brief—the claim should be rejected on the merits.

evidence in the record to establish his knowledge of his status:  namely, the fact that

he was sentenced on his state felony conviction to five years' incarceration and

actually served more than three years of that term." *Bryant*, 2020 WL 353424, at *4;

*see also United States v. Dillard*, Crim. No. 09-57 (JAD), 2020 WL 2199614, at *5

(D. Nev. May 6, 2020) (finding defendant's *Rehaif* claim procedurally defaulted

because he "has not demonstrated actual prejudice because the record shows that [the

defendant] knew he had been convicted of a crime punishable by a term of

imprisonment of more than one year"); *Murphy*, 2020 WL 1891791 at *2 (holding

Murphy was unable to show prejudice based on his prior controlled substance and

firearms convictions, where he had been sentenced to and served more than one year

imprisonment on each).

So too here. That Moore was not advised that the government must prove his

knowledge of his status as a convicted felon did not prejudice him in the slightest:

"[Moore] well knew at the time of the offense that he had been convicted of a crime

punishable by imprisonment for a term exceeding one year," and that fact

accordingly "forecloses [his] actual-prejudice and actual-innocence arguments."

*Dillard*, 2020 WL 2199614, at *5. Additionally, Moore did not even contend that in

light of *Rehaif*, he would have pleaded not guilty and argued at trial that the

Government could not prove his knowledge of his prohibited status. The Government

19

would have conclusively proved that knowledge by informing the jury of Moore's

three prior convictions which each resulted in prison sentences exceeding one year.

*Actual Innocence*. Finally, Moore also cannot show that he is "actually

innocent" of the felon-in-possession offense to which he knowingly and voluntarily

pleaded guilty. The Supreme Court explained in *Bousley*, that "'actual innocence'

means factual innocence, not mere legal insufficiency." 523 U.S. at 623. "To

establish actual innocence, petitioner must demonstrate that, 'in light of all the

evidence,' 'it is more likely than not that no reasonable juror would have convicted

him.' *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328

(1995)). Thus, it is not enough for Moore to show that he was convicted on fewer

than all elements of the crime as it is now understood in light of *Rehaif*. He must

show that he is, in fact, not guilty of the offense.

For the same reasons that he cannot show prejudice, Moore cannot show that

he is actually innocent of unlawful possession of a firearm. He admitted to possessing

the firearms at his guilty plea hearing (as well as two additional firearms which

pertained to the Count 8 trafficking in firearms without a license). *See* Plea Hearing

Transcript, at 44 & 47, attached hereto as Exhibit I. Even in his present motion,

Moore does not contest that he possessed the firearms. Combined with his prior

felony convictions and sentences, Moore comes nowhere close to showing that he is

"actually innocent" of the felon-in-possession charge. Moore had been sentenced to

at least two prior separate terms of imprisonment of more than one year in prison, and at a minimum actually served more than four and one-half years in prison. It is logically impossible to conclude that Moore had no idea that he was in a class of persons prohibited from possessing a firearm and, indeed, his post-arrest statement establishes such knowledge. If the case were charged today, Moore would be convicted all the same. *See Dillard*, 2020 WL 2199614, at *5 (explaining that defendant's conviction record "forecloses [his] actual-prejudice and actual-innocence arguments").

For these reasons, Moore's *Rehaif* claim is procedurally defaulted, and he has satisfied neither the "cause and prejudice" exception nor the "actual innocence" exception.  In all events, the claim should be denied.[8]

## **CONCLUSION**

With respect to Grounds 1 and 2, if Moore persists in his allegations pertaining to the notice of appeal, this Court will be required to hold an evidentiary hearing on those issues. In anticipation of the testimony of Ms. Singer, the Government submits

---

[8] Although the Court should not reach the merits of Moore's claim in light of his procedural default, the government notes that even if the Court were to address the merits, the claim still should be denied, for the same reasons that Moore cannot show prejudice or actual innocence.  Following *Rehaif*, courts have found that the instructional error (whether during a plea hearing or trial) is subject to plain error or harmless error review. *See, e.g.*, *United States v. Gear*, Crim. No. 17-742 (SOM), 2019 WL 4396139, at *4 (D. Haw. Sept. 13, 2019) (rejecting *Rehaif* claim regardless of whether harmless error or plain error applied to unpreserved claim). Whatever standard the Court were to apply, Moore's prior felony convictions and sentences remove any doubt that the instructional error at Moore's plea was harmless and did not affect Moore's substantial rights. Accordingly, if the Court were to reach the merits of Moore's *Rehaif* claim, it still must fail.

that after a hearing, the Court will find Moore's claims entirely without merit.

Grounds 3 and 4, however, should be denied without a hearing.  Because Moore fails

to make a "substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), the Court also should decline to issue a certificate of appealability with

respect to those claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barlow v.*

*United States*, No. 10-2770 (FLW), 2013 WL 5567568, at *4 (D.N.J. Oct. 8, 2013)

(Wolfson, C.J.).

<div style="margin-left: 45%;">

Respectfully submitted,

CRAIG CARPENITO
United States Attorney


By:  DIANA VONDRA CARRIG
Assistant United States Attorney

</div>

August 4, 2020
Camden, New Jersey

<u>CERTIFICATE OF SERVICE</u>

I certify that I have served or caused to be served a copy of the United States'
Answer and attached exhibits via first class mail upon the following:

> Corey Moore, #63232-050
> FCI Bennettsville
> P.O. Box 52020
> Bennettsville, South Carolina 29512


CRAIG CARPENITO
United States Attorney


*Deana Vondra Carrig*

By:  DIANA VONDRA CARRIG
Assistant United States Attorney


August 4, 2020
Camden, New Jersey

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

COREY MOORE                              :        CIV. NO. 19-16331 (NLH)

                v.                    :

UNITED STATES OF AMERICA        :        ORDER


       Corey Moore having filed a petition pursuant to 28 U.S.C. § 2255 seeking the

reversal of his conviction; the United States having answered the petition; and for

good cause shown;

       IT IS ORDERED on this _____ day of _____, 2020 that:

1.     The Court will hold an evidentiary hearing on Grounds 1 and 2 of the

       Petition on _____, 2020 at __:_.m.;

2.     Grounds 3 and 4 of the petition are denied; and

3.     No certificate of appealability shall issue with respect to Grounds 3 and 4.


                               _____
                               HONORABLE NOEL L. HILLMAN
                               United States District Judge