```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY


   COREY MOORE,                      1:19-cv-19107

              Petitioner,            OPINION

         v.

   UNITED STATES OF AMERICA,

              Respondent.
```

APPEARANCES:

Corey Moore
70988-050
McKean
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 8000
Bradford, PA 16701
     Petitioner, Pro Se.

Craig Carpenito, United States Attorney
Diana V. Carrig, Assistant United States Attorney
Office of the US Attorney
US Post Office Building
401 Market Street
4th Floor
Camden, NJ 08101
     Attorneys for Respondent.

**Hillman**, **District Judge**

This matter comes before the Court on Petitioner Corey Moore's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 because he received ineffective assistance of counsel in violation of the Sixth Amendment. ECF No. 1. For the reasons set forth below, the

Court will deny Grounds 3 and 4 of the Petition and set down the matter for an evidentiary hearing on Grounds 1 and 2.

BACKGROUND

Petitioner Corey Moore, a prisoner currently confined in Federal Correction Institution McKean, moves to vacate, correct, or set aside his federal sentence. Respondent United States of America opposes this motion.

In August 2017, Moore was charged in the District of New Jersey with twelve counts of felon-in-possession after selling firearms to a confidential informant. On April 11, 2018, a federal grand jury indicted Moore in a 24-count indictment, charging him with twelve counts of unlawful sale of firearms without a license, 18 U.S.C. § 922(a)(1)(A), and twelve counts of felon-in-possession, 18 U.S.C. § 922(g)(1). Moore pleaded guilty to two counts of the 24-count indictment: one count of unlawful sale of a firearm without a license, and one count of felon-in-possession.

The United States contends that Moore waived certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255. The United States also asserts that it reciprocally agreed not to appeal the sentence if it fell "within or above the range that results

from the agreed total Guidelines offense level." ECF No. 13, at 5.

Moore entered a guilty plea on September 17, 2018, attesting that he had received the plea agreement from his attorney, that he read the agreement, and that he understood the agreement fully. During Moore's hearing, the Court conducted a colloquy with Moore, confirming his understanding and acceptance of all the stipulations contained in his agreement. This plea agreement included a four-level enhancement for trafficking and an appellate/collateral attack waiver. The United States asserts that at no time during this hearing did Moore dispute the applicability of the four-level upward adjustment, nor did he suggest that he was unaware that he was not allowed to possess a firearm or that he was unaware that he had previously been convicted of a crime punishable by more than one year in prison.

Prior to Moore's sentencing, the Probation office prepared a pre-sentencing report ("PSR") that calculated Moore's final offense level to be level 27. The Court adopted the findings of the PSR which was consistent with the plea agreement. Using the sentencing guidelines for this offense level, the Court determined that the appropriate range was 100 to 125 months of imprisonment.

In March 2019, Moore appeared before the Court and was sentenced to concurrent prison terms: 96 months for the felon-in-possession offense, and 60 months for the unlawful sale of firearms without a license offense. This 96-month sentence was below the range suggested by the guidelines for an offense level of 27.

In October 2019, Moore filed a pro se notice of appeal, claiming that his attorney had failed to file a notice of appeal and that the United States had failed to satisfy the knowledge requirement outlined in Rehaif v. United States, 139 S.Ct. 2191 (2019). In November 2019, the United States filed a motion to dismiss this appeal based on Moore's untimely notice of appeal. In the alternative, the United States sought to enforce the appellate waiver in Moore's plea agreement. In April 2020, the Third Circuit granted the United States' motion and dismissed Moore's appeal as untimely.

While his appeal was pending, Moore filed the present § 2255 motion. In this motion, Moore alleged ineffective assistance of counsel. Initially, this Court dismissed the motion because it was not filed on the District of New Jersey's § 2255 form. Moore refiled this motion in November 2019, and supplemented the motion in May 2020. Moore's § 2255 motion alleges four grounds for vacating, setting aside, or correcting his sentence: (1) Moore's attorney, Anne C. Singer Esq., failed

4

to advise him of "the advantages and disadvantages of filing an appeal"; (2) Singer failed to file an appeal after Moore instructed her to do so; (3) Singer erroneously told him that he would not face a four-level enhancement for trafficking in firearms if he pleaded guilty; and (4) Moore is entitled to relief under Rehaif.

The Court will address each of these grounds for relief below.

## DISCUSSION

A. Motions Under 28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code ("Section 2255") provides a means of collaterally attacking a sentence imposed after a conviction.  United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D.N.J. 1990).  This section provides in relevant part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  The purpose of this section was to "require a federal prisoner to exhaust his remedies in the courts of the District and Circuit in which was convicted and sentenced, and to apply to the Supreme Court, on Certiorari from a denial of such remedies, before seeking release on habeas

5

corpus." Crismond v. Blackwell, 333 F.2d 274, 377 (3d Cir. 1964).  The defendant bears the burden of establishing his or her entitlement to Section 2255 relief.  See United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005).

Furthermore, because Section 2255 is a collateral attack, a defendant "'must clear a significantly higher hurdle than would exist of direct appeal' to obtain relief."  McKnight v. United States, 27 F. Supp. 3d 575, 588 (D.N.J. 2014) (citing United States v. Bohn, No. 92-6102, 1999 WL 1067866, at *3 (E.D.Pa. Nov. 9, 1999)).  The grounds for collateral attack of a sentence under Section 2255 are narrowly limited.  United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992).  Not "every asserted error of law can be raised on a § 2255 motion."  Davis v. United States, 417 U.S. 333, 346 (1974).  As such, a motion under Section 2255 will be granted "only if the sentence results in 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  Cannistraro, 734 F.Supp. at 1119 (quoting Hill v. United States, 368 U.S. 424, 428, reh'g denied, 369 U.S. 808 (1962)).

Additionally, a defendant convicted as a result of his guilty plea, cannot attack that plea in a Section 2255 motion unless his conviction was first challenged on direct appeal. McKnight, 27 F. Supp. 3d at 588 (citing United States v. Garth,

6

188 F.3d 99, 106 (3d Cir. 1999) ("[V]oluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.") (citations omitted)); United States v. Broce, 488 U.S. 563, 574 (1989) (holding that a conviction resulting from a knowing and voluntary plea of guilty by the defendant advised by competent counsel is, generally, not subject to collateral attack; if not challenged on direct appeal, it is deemed procedurally defaulted). A procedurally defaulted Section 2255 motion can be reviewed on the merits only if the defendant shows either: (a) cause and actual prejudice; or (b) actual innocence. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); see also Garth, 188 F.3d at 106; United States v. Sanders, 165 F.3d 248, 250 (3d Cir. 1999).

A defendant who pleads guilty waives all pre-plea and plea-unrelated claims. His or her Section 2255 motion must be limited to an attack on his plea and/or the assistance of his counsel provided in connection with that plea. See Broce, 488 U.S. at 569; see also Tollett v. Henderson, 411 U.S. 504-508-09 (1984) (holding that when a defendant has unconditionally pled guilty, "he may . . . only attack the voluntary and intelligent character of the guilty plea"); Also, where a defendant executes a waiver, that waiver is binding unless the defendant states an ineffective-assistance-of-counsel claim that relates

7

specifically to counsel's performance in connection with that waiver.

In cases where a Section 2255 motion is timely, there is no procedural default, and the defendant raises only plea-related claims, a defendant's challenges to the assistance rendered by his counsel merits habeas relief only if he can meet the Strickland v. Washington test, which the Court will discuss below.

B. Necessity of an Evidentiary Hearing

A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under Section 2255. Govt's of the V.I v. Forte, 865 F.2d 59, 62 93d Cir. 1989). In exercising this discretion, the Court must first determine whether the petitioner's claims, if proven, would entitle him or her to relief. Then the court will consider whether an evidentiary hearing is needed to determine the truth of the allegations. Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir. 1991). A petitioner is not entitled to an evidentiary hearing "where the allegations are patently frivolous or his allegations are contradicted conclusively by the record." Hankerson v. United States, 2006 WL 1084086, at *2 (D.N.J. Apr. 24, 2006) (citing Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001)). Accordingly, a district court may summarily dismiss a Section 2255 motion without a hearing where the

8

"motion, files and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

C. Ineffective Assistance of Counsel Standard

In Strickland v. Washington, the United States Supreme Court set forth a two-prong standard by which courts evaluate claims of ineffective assistance of counsel. 466 U.S. 668, 687 (1984). The first prong of the Strickland test requires a "showing that counsel made errors so serious that counsel was not function as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.; see also United States v. Bui, 795 F.3d 363, 366 (3d Cir. 2015). Counsel's performance is deficient if his or her representation falls "below an objective standard of reasonableness" or outside the "wide range of professional competent assistance." Strickland, 466 U.S. at 688-90. In determining whether counsel's performance was deficient, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Judges must also consider the facts of the case at the time of counsel's conduct and take every effort to avoid the "distorting effects of hindsight." Id. It is the petitioner's burden to show that counsel's challenged actions were not sound strategy. See Sylla v. United States,

9

No. 1:16-cv-8124, 2020 WL 5507956 at * 2 (D.NJ. Sept. 10, 2020) (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

To satisfy the second prong, known as the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a sufficient probability to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

Regarding this two-prong test, the "court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."  Rainey v. Varner, 603 F.3d 189, 201 (3d Cir. 2010 (citing Strickland, 466 U.S. at 697).

  D. Application

    1. Grounds 1 and 2: Failure to Advise about Filing an Appeal and Failure to File an Appeal

Moore alleges that his attorney, Singer, did not consult with him regarding the advantages and disadvantages of filing an appeal.  Moore further alleges that he instructed Singer to file a notice of appeal but she "decided on her own not to do so." ECF No. 4, at 6.

10

Singer has since signed an affidavit that she met with Moore on March 13, 2019 and answered all of Moore's questions. See ECF No. 13-15.  Singer expressly attests that she discussed with Moore his right to appeal.  According to Singer's notes, she "explained that [Moore] had waived that rt. [right to appeal] in his plea agreement," and that the "Judge was still obligated to tell all [defendants] that they had that right [to appeal] but that due to the waiver, any appeal he filed would probably be dismissed."  Id. at 4.  According to Singer, Moore explicitly told her that he did not want to file an appeal. Singer testified that she wrote a follow up letter to Moore on March 14, 2019.  Singer maintains that she did not file a notice of appeal because Moore told her that he did not want to appeal and that at no time did Moore state he wanted to appeal. According to Singer, if Moore had stated his desire to appeal, she would have filed a timely notice of appeal.

Here, based on the representations by Moore, the allegations are not patently frivolous, nor are they contradicted conclusively by the record.[1]  An evidentiary hearing will therefore be held "to determine whether petitioner requested or reasonably demonstrated to counsel that he desired

---

[1] The Court notes that the Government agrees that an evidentiary hearing is necessary to resolve Petitioner's first and second grounds.  See ECF No. 13, at 12.

11

to appeal." Solis, 252 F.3d at 294. "A new opportunity to appeal is the remedy for petitioner's alleged ineffective assistance of counsel." Id. Therefore, if after the evidentiary hearing, the Court concludes that Moore's counsel was ineffective for failing to discuss the advantages and disadvantages of filing a notice appeal and failing to file a notice of appeal, the Petitioner will "be given the opportunity *nunc pro tunc* to brief his direct appeal in full." Id. at 295 (emphasis in original).

2. Ground 3: Enhancement for Trafficking in Firearms

Moore alleges that Singer provided him with ineffective assistance of counsel by offering erroneous advice regarding the enhancement for trafficking in firearms. Moore alleges that he repeatedly asked Singer whether he would face enhancement for trafficking in firearms. Moore alleges that Singer assured him that he would not face an enhancement as a result of pleading guilty. According to Moore, based on this assurance, he accepted the plea agreement and received a four-level enhancement.

The Government emphasizes that Moore has not provided a sworn affidavit or certification in support of his claims. The Government further argues that Moore's allegation is directly refuted by his plea agreement and his testimony at his guilty plea hearing. ECF No. 13-9, at 27. The Government further

12

highlights that Moore's plea agreement explicitly stipulates a four-level upward adjustment for trafficking in firearms and that Moore testified that he and his attorney had reviewed his plea agreement

Moore did not assert this claim in his untimely appeal nor does he assert such a claim in his allegations of ineffective assistance of counsel regarding the filing of a notice of appeal. Therefore, Moore's claim that he was unaware of or misled about the four-level enhancement is procedurally defaulted. As discussed above, this does not prevent the Court from hearing the merits of this claim if Moore can show (a) cause and actual prejudice; or (b) actual innocence. In this case, Moore has not alleged actual innocence.

Given the lack of factual support for Moore's claim that he was misinformed or unaware of the four-level enhancement included in his plea agreement, the Court deems that Moore's motion, files, and records conclusively show that he is not entitled to relief on this ground. Moreover, the record evidence proves the opposite of Moore's contention. At the Rule 11 hearing Moore acknowledged the plea agreement, that he had signed it after reviewing it with counsel, and that it had an express provision stipulating to the 4 level enhancement.[2]

---

[2] This matter was explicitly addressed at Moore's plea hearing:

13

"[A]ny erroneous sentencing information allegedly provided by defense counsel was corrected by the written plea agreement and the detailed in-court plea colloquy . . . ." United States v. Shedrick, 493 F.3d 292, 300 (3d Cir. 2007). The Court will deny Moore's motion on Ground 3 without an evidentiary hearing.

    3. Ground 4: Relief under Rehaif

In his supplement motion filed on May 18, 2020, Moore contends that because he was convicted under the same statutory provision discussed in Rehaif (Section 922(g)(1)), the Court should reconsider his conviction. Moore asserts that Rehaif has meaningfully changed the Third Circuit law with respect to the required elements of a conviction under § 922(g). Moore argues that when he pleaded guilty, he had been misinformed of the elements of a felon-in-possession offense and did not have the requisite knowledge that made his possession of firearms unlawful.

Section 922(g)(1) criminalizes possession of firearms by "any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." The

---

THE COURT: All right. Then there is a specific offense characteristic because the conduct involved the trafficking of firearms. That results in four more levels. So, that's 24, 26, 30. Do you see that in paragraph 6?

THE DEFENDANT: Yes.

ECF No. 13-9.

14

Supreme Court decided Rehaif v. United States on April 23, 2019, about nine months after Moore entered his guilty plea. In this decision, the Supreme Court required that a defendant know that he belonged to the category of people discussed in Section 922(g)(1). 139 S.Ct. at 2200. Rehaif did not, however, create an "ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." Guerrero v. Quay, Civ. No. 20-39, 2020 WL 1330667, at *4 (M.D.Pa. Mar. 23, 2020) (quoting United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019)). Instead, the Government must prove that the defendant knew that he or she had a prior conviction that was punishable by at least one year's imprisonment. The Supreme Court did not consider this obligation to be "burdensome" and allows that such knowledge "can be inferred from circumstantial evidence." Rehaif, 139 S.Ct. at 2198 (quoting Staples v. United States, 511 U.S. 600, 615 n. 11 (1994)).

Like Ground 3, Moore did not bring this claim in his untimely appeal or assert as part of Grounds 1 or 2 that he received constitutionally ineffective counsel related to this issue. Therefore, Moore's claim under Rehaif is procedurally defaulted. As discussed above, this does not prevent the Court from hearing the merits of this claim if Moore can show (a) cause and actual prejudice; or (b) actual innocence. Moore has

15

not alleged actual innocence.  As will be discussed below, the Court finds that Moore has failed to show cause and actual prejudice for this ground.

This case presents a difference scenario than the one envisioned by Rehaif.  In Rehaif, the Supreme Court contemplated a defendant who "was convicted of a prior crime but sentenced only to probation" who may not "know that the crime is 'punishable by imprisonment for a term exceeding one year.'" Id. at 2198.  In Moore's case, he had previously been convicted of three charges in New Jersey State Court.  Each of these convictions carried a term greater than one year.[3]  Before the guilty plea at issue in this case, Moore had previously served more than four and a half years' imprisonment.  The government highlights that prior to Rehaif, federal courts of appeal that had addressed the knowledge requirement of Section 922(g) held that the government was not required to prove the defendant's knowledge of his status.

The Court finds that Moore's motion, files, and records conclusively show that he is not entitled to relief on this ground.  The Court finds that an evidentiary hearing is not

---

[3] Moore's previous convictions include: (1) unlawful possession of a weapon/handgun in March 2010, which carried a five-year term of imprisonment; (2) resisting arrest in March 2010, which carried a concurrent three-year term of imprisonment; and (3) forgery in July 2010, which carried a concurrent four-year term of imprisonment.

16

necessary with regard to this ground.  Moore's prior convictions and the higher Guidelines range they would have contributed to in the absence of a plea agreement, weigh against the likelihood that Moore would not have pled guilty if he had been aware of the "knowing" element required by Section 922(g)(1).  Further, these convictions support the assessment that the Government would have been able to prove the knowledge element beyond a reasonable doubt at trial, even under the terms of Rehaif.  Moore has failed to demonstrate prejudice requiring post-conviction relief with respect to his claim under Rehaif.

## CONCLUSION

The Court will dismiss Moore's third and fourth grounds for relief.  However, the Court finds that Moore's first and second grounds for relief under Section 2255 cannot be adjudicated on the record before the Court because there is sharp factual dispute between Moore and his prior attorney.  Therefore, the factual issues raised in the petition and disputed by the Government must be resolved by an evidentiary hearing.  The Court reserves its decision on a certificate of appealability.

The next step will be to appoint counsel for the petitioner, allow a counseled petition to be filed, and then conduct a hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare.  See United

States v. Day, 969 F.2d 39, 44-47 (3d Cir. 1991); Rule 8 of the Rules Governing Section 2255 Proceedings.

```
Date: October 9, 2020            s/ Noel l. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.
```

18